THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**SANTIAGO VILLANUEVA HERNANDEZ, et al.,**

   **Plaintiffs,**

   **vs.**

**VETERANS ADMINISTRATION, et al.,**

   **Defendants.**

**Civil No. 16-1034 (ADC)**

**OPINION & ORDER**

**I.   Factual and Procedural Background**

Plaintiff Santiago Villanueva Hernández ("Villanueva") filed the instant claim, pro se, on his own behalf and as legal tutor and former Department of Veteran Affairs ("VA") fiduciary of his father, co-plaintiff Elvyn Villanueva de Jesús (Elvyn), a mentally disabled person. **ECF No. 2**. In essence, Villanueva alleges that after a home visit by a VA official in November 2014 and ensuing investigation, said federal agency: (i) wrongfully terminated him as Elvyn's VA fiduciary; (ii) appointed a third-party fiduciary, (iii) determined that while he acted as Elvyn's fiduciary, Villanueva had misused $133,148.18 of Elvyn's VA benefit funds for construction and renovations at Villanueva's home, where he has lodged and cared for Elvyn since 2013; and (iv) reduced Elvyn's room-and-board monthly benefit payment. **ECF Nos. 2** at 3, 7-10, **ECF Nos. 2-1**, **25-1.** Villanueva contested the aforementioned agency actions before the VA, including notices of disagreement and requests for reinstatement as Elvyn's fiduciary; restitution of

Elvyn's full monthly stipend, and reconsideration of the misuse-of-funds determination. **ECF No. 2** at 11-12. In November 2015, the VA issued a written decision on Villanueva's request for reconsideration, whereupon the agency revised downward its determination of the amount of funds misused by Villanueva to $129,584.46. **ECF No. 2** at 9-10; *see also* **ECF No. 25-1**. Nonetheless, none of his other requests have been granted by the VA. **ECF No. 2 at 9-25**. Villanueva alleges that the aforementioned determinations by the VA renders Elvyn "significantly limited [in] the access to a pension honorably gained[,]" and "infringe[] federal protected rights like the [e]qual [p]rotection, [d]ue process, [c]onfiscation without a warrant, ADA rights to accommodation, [and] [t]orts." **ECF No. 2** at 10. Villanueva requests that the Court preclude the VA from collecting the amount that it deems to have been misused by Villanueva, reinstitute Villanueva as Elvyn's fiduciary, and order economic compensation in damages, among other remedies. *Id*. at 24-25.

Even though Villanueva appeared pro se and on behalf of Elvyn, the Court ordered that the latter be represented by counsel as required under Local Civ. R. 83A(h), and given that defendants informed to the Court that plaintiffs' service of process did not comply with Fed. R. Civ. P. 4(i)(2) and 4(i)(3). **ECF Nos. 7, 8**. Plaintiffs then requested that the Court appoint pro bono counsel, which was granted. **ECF Nos. 16, 20**. After meeting with Villanueva and completing proper service of process of defendants, pro bono counsel requested on behalf of plaintiffs the voluntary dismissal with prejudice of the claims against co-defendants Teresa Barajas and Brian Martin in their official capacity as Field Examiner and Regional Office Director, respectively, as

well as leave to withdraw legal representation as pro bono counsel in this case. **ECF Nos. 38, 39**. The Court granted the requested dismissal and withdrawal, and again ordered Villanueva to retain counsel on behalf of Elvyn pursuant to Local Civ. R. 83A(h). **ECF Nos. 40, 41, 42**. On May 4, 2017, Fredeswin Pérez-Caballero ("attorney Pérez") filed his appearance as counsel on behalf of Elvyn, and requested a term of thirty days "to assess the complaint in order to present the Court with any amendments deemed necessary to the allegations and/or causes of action in light of the dismissals." **ECF No. 43** at 1-2. The Court noted the appearance and granted the term requested**. ECF No. 44**. Attorney Pérez has not filed any subsequent motion in this case.

Before the Court is the VA's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and for failure to state a claim under Fed. R. Civ. P. 12(b)(6) by co-defendant VA. **ECF No. 46**. Also before the Court is the pro se opposition by Villanueva. **ECF No. 48.** Having considered VA's and Villanueva's arguments, the Court grants the motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) for the reasons discussed below.

## II.     Standard of Review

Federal courts are courts of limited jurisdiction. *Destek Grp. v. State of N.H. Pub. Utils. Comm'n*, 318 F.3d 32, 38 (1st Cir. 2003). "Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998). Thus, the party asserting jurisdiction bears the burden of showing the existence of federal jurisdiction.

*Id*. (citing *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996); *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995)).

"The proper vehicle for challenging a court's subject-matter jurisdiction is under Federal Rule of Civil Procedure 12(b)(1). This rule is a large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." *Valentín v. Hosp. Bella Vista*, 254 F.3d 358, 362-63 (1st Cir. 2001). Motions to dismiss brought under Rule 12(b)(1) are subject to a similar standard as motions brought pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). *See Negrón-Gaztambide v. Hernández-Torres*, 35 F.3d 25, 27 (1st Cir. 1994). That is, when considering Rule 12(b)(1) and Rule 12(b)(6) motions, the Court credits the plaintiff's well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (citing *Hosp. Bella Vista*, 254 F.3d at 363). "The general rules of pleading require 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 49 (1st Cir. 2009) (quoting Fed. R. Civ. P. 8(a)(2)).

In adjudicating a motion to dismiss under Rule 12(b)(1), the Court shall grant the same if upon "accept[ing] plaintiff's version of jurisdictionally-significant facts as true," it deems that plaintiff has failed to propound an adequate base for subject-matter jurisdiction. *Hosp. Bella Vista*, 254 F.3d at 363. Further, the court may "take into consideration 'extra-pleading material'" to reach its decision. *Wojciechowicz v. United States*, 530 F. Supp.2d 421, 424 (D.P.R. 2007) (quoting

5B Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure §1350, at 213 (2d ed. 1990)).

"[I]f the Court determines, as a threshold matter, that subject matter jurisdiction does not exist, it must dismiss the case and not make any determination of the merits of the case." *Menéndez v. U.S.*, 67 F. Supp.2d 42, 45 (D.P.R. 1999). Moreover, in a case where the Court determines that it lacks subject matter jurisdiction under Rule 12(b)(1), "it shall not delve into defendant's alternate grounds for dismissal pursuant to Rule 12(b)(6)" if such an alternative argument is presented. *Id*. at 47 n.2. The instant case is being dismissed herein for lack of subject matter jurisdiction under Rule 12(b)(1). Accordingly, this opinion and order is being issued solely under the Rule 12(b)(1) standard.

### III. Discussion

The availability of judicial review regarding the VA's decisions is subject to the doctrine of sovereign immunity, pursuant to which the United States ("U.S."), including its agencies, may be sued only when the U.S. has expressly granted a waiver of its immunity protection. *Ponce v. U.S.A.*, 2007 WL 141075, *1 (D.P.R. 2007) (citing *Nowal v. Rubin*, 76 F.3d 25, 27 (1st Cir. 1996)). Moreover, the Veterans' Judicial Review Act[1] ("VJRA") is the ruling federal statute providing the legal recourses available for the review of VA benefits determinations. Under section 511(a) of the VJRA,

---

[1] Pub.L. No. 100-687, Title III, 102 Stat. 4105, 4113-4122 (codified in various sections of 38 U.S.C.).

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). Nonetheless, section 511(b) excludes certain matters from the applicability of section 511(a), thus preserving judicial review as to them, including review of rules and regulations, servicemembers' group life insurance, and other suits related to insurance, housing and small business loans. 38 U.S.C. § 511(b); *see Ponce*, 2007 WL 141075, at *1. Judicial review before federal district courts is also available for challenges to the constitutionality of statutes and regulations regarding veterans' benefits, even though said courts "lack jurisdiction to review the application of such legislation to the particular facts of an individual case." *Sugrue v. Derwinski*, 808 F. Supp. 946, 950 (E.D.N.Y. 1992) (citing *Johnson v. Robinson*, 415 U.S. 361, 367 (1974)).

The VJRA "created an exclusive review procedure by which veterans may resolve their disagreements with the Department of Veterans Affairs." *Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995). Under that procedure, "a claimant first requests benefits from the regional office of the Department of Veterans Affairs. Pursuant to the mandate established in section 511(a), the regional office decides all questions of law and fact necessary to a determination by the Secretary

---

[2] 38 U.S.C. §§ 5502, 5507 provide ample discretion to the Secretary regarding the inquiry, investigations, qualifications, designation, removal, supervision, payments, and other matters pertaining to fiduciaries that may be appointed on behalf of veterans as deemed necessary.

to a veteran." *Menéndez*, 67 F. Supp. at 45. Furthermore, "[a]ll questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal" before the Board of Veterans Appeals ("BVA"). 38 U.S.C. § 7104; *see Zuspann*, 60 F.3d at 1158-59. The BVA's decision may be reviewed in turn by the U.S. Court of Appeals of Veterans Claims, which has exclusive jurisdiction to review the BVA decisions. 38 U.S.C. § 7252; *see Zuspann*, 60 F.3d at 1158-59.

In the instant case, Villanueva filed his claim before this Court seeking judicial review of various decisions by the VA. **ECF No. 2**. Specifically, Villanueva alleged the wrongful removal of Villanueva as Elvyn's fiduciary, the appointment of a third party fiduciary, the determination that Villanueva misused $129,584.46 of Elvyn's VA benefit funds in home renovations that Villanueva must repay, and the reduction of Elvyn's room-and-board monthly benefit. *Id*. In light of the applicable legal framework pursuant to the VJRA summarized above, the Court hereby holds that it lacks subject matter jurisdiction to entertain plaintiffs' claims in this case, inasmuch the same are premised on decisions by the VA regarding Elvyn's benefits and Villanueva's destitution as Elvyn's fiduciary. The fact that plaintiffs allege that the VA's decisions in question "infringe[] federal protected rights like the [e]qual [p]rotection, [d]ue process, [c]onfiscation without a warrant, ADA rights to accommodation, [and] [t]orts," **ECF No. 2** at 10, does not bestow subject matter jurisdiction to this Court. Under applicable case law, when a claim of violation of federally protected rights is not "a facial attack on the constitutionality of an act of Congress," but rather a challenge to the VA's decision for denial of

benefits, the federal district courts lack subject matter jurisdiction over such a claim. *Zuspann*, 60 F.3d at 1158. In cases based on the denial of VA benefits, even when complaints invoke constitutional provisions, "the courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms." *Sugrue*, 26 F.3d at 11; *see also Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1500 (2nd Cir. 1992) (Section 511(a) precludes judicial review of non-facial constitutional claims seeking damages on a constitutional claim arising out of a denial of benefits.) (collecting cases).

Therefore, VA's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), **ECF No. 46**, is hereby **GRANTED**. Accordingly, the instant case is hereby **DISMISSED WITH PREJUDICE**, and the parties' motions at **ECF Nos. 46, 49, 50, 53** are hereby **MOOT**. The Clerk of the Court shall enter judgment dismissing the case with prejudice in its entirety.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of March, 2018.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**